## THE STATE V. STAPP.

1. **Intoxicating liquor :** ' CRIMINAL LAW: STATUTORY PROVISOS. To sustain a conviction for selling wine, under an indictment for keeping and selling intoxicating liquor, it need not be charged in the indictment, nor proven on the trial, that the wine was not manufactured from grapes or fruit grown in this state, as specified in the proviso to the prohibitory liquor law contained in section 1583, of the Revision. That the case comes within the proviso mentioned in matter of defense.

2. —— This case falls within the rule, that what comes by way of *proviso* in a statute must be insisted upon for the purposes of defense by the party accused, but that where *exceptions* are made in the enacting part of the law, then it must be charged in the indictment and proven on the trial that the case does not come within any of the exceptions.

*Appeal from Marion District Court.*

WEDNESDAY, OCTOBER 5.

INDICTMENT for keeping a nuisance ; plea, not guilty ; verdict, guilty ; judgment on the verdict, and defendant appeals.

The facts necessary to an understanding of the case appear in the opinion.

*Atherton & Anderson* for the appellant.

*H. O'Connor*, attorney-general for the state.

MILLER, J.—The indictment charges that the defendant, " at the county of Marion, and state of Iowa, on the 1st day of January, 1869, unlawfully did use a certain building then and there situate, and under the control of him, the said H. T. Stapp, for the purpose of keeping intoxicating liquor, to wit, rum, gin, brandy, whisky, wine and bitters therein, with intent to sell the same, and in said building, in said county and state, did unlawfully sell said liquors," etc., etc. ,

On the trial, the state called a witness who testified as follows : " Sometime in the month of February, 1869, I was in the defendant's grocery in the town of Columbia, Marion county, Iowa ; some men came in and called for ' *wine*,' and defendant set them out a bottle containing something that was red, and they took and drank of it ; don't know whether they paid for it or not ; it looked like wine and I believe it was wine." This was all the evidence given.

The jury retired under instructions from the court, not excepted to, and after being out a short time they sent in to the court this interrogatory : " Will the court please instruct : should the state prove that the wine was *foreign*, or must the defendant prove the wine was *native ?*" To which the court answered, instructing the jury that, " unless the circumstances of the sale as proved by the state develop the fact that it was *native wine*, then it is for the defendant to show, to avail himself of that defense, that it was native wine."

The giving of this instruction is the foundation of the errors assigned.

The act of January 22, 1855 (Rev. p. 259), prohibited the manufacture, sale, and keeping with intent to sell, " intoxicating liquors," except as permitted by that act. Rev. §§ 1559–1564. The description given by the act to the article, the sale etc. of which, is prohibited, is " *intoxicating* liquors."

To this act of 1855 there was passed, " an act supplementary and amendatory " thereto, January 28, 1857 (ch. 157 Laws of the Sixth General Assembly), the ninth section of which provides that, " Whenever the words ' intoxicating liquors ' occur in this act, or the act to which this is amendatory, the same shall be construed to mean all spirituous, malt and vinous liquors ; *provided*, that nothing in this act shall be construed to forbid the manu-

facture of cider from apples, or wine from grapes, currants, or other fruits grown or gathered by the manufacturer."

By the first section of chapter 143 Laws of the Seventh General Assembly, the above section was amended so as to read : " Wherever the words intoxicating liquors occur in this act, or the act to which this is amendatory, the same shall be construed to mean all spirituous and vinous liquors ; *provided*, that nothing in this act shall be so construed as to forbid the manufacture and sale of beer, cider from apples, or wine from grapes, currants or other fruits grown in this state."   Revision of 1860, § 1583.

This last provision is a substitute for the 9th section of the act of 1857, and is declaratory of what the words " intoxicating liquors," wherever they occur in that or the act of 1855, are intended to mean.

The words by the purview of the act, include " *all spirituous and vinous liquors*; then the proviso withdraws certain described vinous liquors from the operation of the act.   The question, then, is, whether the state must prove that the liquors sold were not of the description withdrawn by the proviso.

A proviso in an act is generally intended to restrain the enacting clause, and to except something which would otherwise have been within it, or in some manner to modify the enacting clause.   *Wayman* v. *Southard*, 11 Wheat. 1.

There is a clear distinction betweeen a proviso and an exception.   In the case of an exception in the purview of the act, it must be negatived in pleading, but a proviso need not, even though it is found in the same section, if it be not referred to and ingrafted on the enacting clause. Sedg. on Stat. and Const. Law, 62, 63.

The rule as stated by Lord Mansfield, is, " what comes by way of proviso in a statute must be insisted on for the purpose of defense by the party accused ; but where

exceptions are in the enacting part of the law, it must in the indictment charge that the offense is not within any of them." See Sedg. on Stat. and Const. Law, 63, and cases there cited.

If the language of the section was, that " wherever the words intoxicating liquors " occur, etc., the same shall be construed to mean all spirituous and vinous liquors, except cider from apples and wine from grapes, currants or other fruits grown in this state," then the exceptions under the rules of pleading would have to be negatived. But not so where the exceptions come by way of proviso.

It is never necessary to negative provisos, or even exceptions merely noticed in the purview of the act, as by · saying " none shall do the act prohibited except the cases thereinafter mentioned," for here the exception is not contained in the clause defining the offense. Whart. Am. Cr. L. 3d ed. 190, 191 ; *Reynolds* v. *State*, 2 N. S. McCord, 365 ; *State* v. *Baker*, 18 Vt. 195 ; *State* v. *Palmer*, id. 570; *State* v. *Williams*, 20 Iowa, 98, and authorities cited in the opinion of COLE, J.; *Colson* v. *The State*, 7 Ind. 590.

It is only necessary to notice a proviso in pleading where it *adds* a qualification to the enacting clause, so as to bring a case within it, which, but for the proviso, would be without the statute ; but it is not necessary to negative a proviso which *withdraws* a case from its operation, which, but for the proviso, would be within it. Whart. Am. Cr. L. 3d ed. 191.

The case under consideration is one where the proviso in the statute withdraws domestic wines from the operation of the enacting part of the law, and it is not necessary for the indictment to, charge or the state to prove that the case does not come within the proviso. This is matter of defense. The judgment should be

Affirmed.