THE STATE v. STUCKER.

Intoxicating liquors: INDICTMENT OF CLERKS. Under section 1564 of the Revision, a bar-tender or clerk in a saloon, where intoxicating liquors are sold by him in violation of law, may be indicted for nuisance.

*Appeal from Fremont District Court.*

SATURDAY, FEBRUARY 24.

THE defendant was indicted, tried, convicted and sentenced, for the crime of nuisance, as defined in Revision, section 1564; the using of a building for the purpose of selling intoxicating liquors contrary to statute. The defendant appeals.

*J. N. Cornish* for the appellant.

*H. O'Connor*, attorney-general, for the State.

COLE, J.—The single question presented for our determination in this case is, whether a bar-tender or clerk, having no interest in the business, can be convicted of the crime of nuisance, for the mere sale by him of intoxicating liquors, in a building used for that purpose. The evidence shows clearly that the defendant was but clerk or servant to the owner or principal of the liquors and business.

It is provided by our statute (Revision, § 1562), "all clerks, servants and agents, of whatsoever kind, engaged or employed in the manufacture, sale, or keeping for sale, in violation of this act, of any intoxicating liquor, shall be charged and convicted in the same manner as principals may be, and shall be subject to the penalties herein provided." * * * Our statute for the suppression of intemperance defines four distinct offenses, in as many successive sections, and prescribes penalties for each. Section 1561, for making; section 1562, for the sale; section 1563, for the keeping with intent to sell; and section 1564 enacts that, "in addition to the penalties prescribed in the said three preceding sections, whoever shall erect or establish or continue or use any building, erection or place

for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly in the manner provided by law." * * * In view of all these provisions, and especially in view of the fact that it is expressly enacted that all clerks, servants and agents violating the statute may be charged and convicted the same as principals, it is difficult to see how the question can be answered otherwise than in the affirmative. The court did not err, therefore, in its instruction; nor the jury in their finding.

Affirmed.