WORLEY v. SPURGEON ET AL.

1. **Intoxicating liquors**: RECOVERY BY WIFE FOR SALE TO HUSBAND: WHO ARE LIABLE. Under Chap. 47, Laws of 1862, any person, whether the owner, or the son, clerk or servant of the owner, who actually makes the sale of intoxicating liquors, is personally liable for the injurious consequences resulting from such sale.

2. ———: WINE INCLUDED IN INTOXICATING LIQUORS: BURDEN OF PROOF. Wine is included in the term "intoxicating liquors," and liability attaches for the sale of it, unless it be shown to have been manufactured from grapes or fruits grown in the State, and the burden of proof thereof is upon the defendant.

*Appeal from Louisa Circuit Court.*

MONDAY, JUNE 15.

THIS action is brought under Chapter 47 of the Laws of 1862, page 50, by the plaintiff, who is the wife of Robert Worley, to recover the damages for the injury to her person, property and means of support, by reason of the intoxication of her husband, caused by the unlawful sale to him of intoxicating liquors by the defendants. The defendants' answer is a general denial. There was a trial to a jury. Verdict and judgment for plaintiff for one thousand dollars. The defendants appeal.

*B. F. Wright,* and *Cloud & Broomhall,* for appellants.

*Bird & Tatlock,* for appellee.

COLE, J.—I. The first point made by the counsel for appellants is, that there is not sufficient evidence to support the verdict; and this is especially insisted upon as true with respect to the defendant, S. Spurgeon. The evidence tends to show that the defendant, L. D. Spurgeon, is the father of the other defendant, and the sole owner of the saloon wherein the alleged sale of the intoxicating liquors was made; it also tends to show several sales of intoxicating liquors to the husband of plaintiff by the son, the defendant, S. Spurgeon; and on one occasion the son himself testifies that he took the husband's knife in pledge or payment for two drinks. The statute says that *any person* who shall by the sale of intoxicating liquors cause the intoxication of any other person, &c.

1. INTOXICATING LIQUORS: recovery by wife for sale to husband: who is liable.

This language embraces equally any person who actually makes the sale, whether he is the owner, or the son, clerk or servant of such owner—all and each, are alike and personally liable for the injurious consequences to the wife resulting from the intoxication caused by such sale. *The State v. Stucker,* 33 Iowa, 395. The evidence is sufficient to sustain the verdict against each of the defendants.

II. The next and only remaining point made by the appellants' counsel is, that the court erred in giving the first instruction. In that instruction the court told the jury that if the defendants " sold intoxicating liquor, no matter whether wine or whisky, to the husband of the plaintiff, and which caused " etc., then they should find for plaintiff. The particular point made is, that *wine* is not included in the term " intoxicating liquors," as used in the act under which the action is brought. The action is given, by the act, against any person who shall, by " the sale of intoxicating liquors contrary to the provisions of the act entitled, ' an act for the suppression of intemperance,' passed January 22, 1855, or under the act entitled ' an act supplemental and amendatory to an act entitled an act for the suppression of intemperance,' passed January 28, 1857, cause the intoxication," etc.

The act, first named, does not define what is meant by the term intoxicating liquors. The act, last named, provides: 2. ——: wine "Sec. 9. Whenever the words 'intoxicating liquors' included in occur in this act, or the act to which this is intoxicating liquors: bur- amendatory, the same shall be construed to mean den of proof. all spirituous, *malt* and vinous liquors; provided, that nothing in this act shall be so construed as to forbid the manufacture of cider from apples, or wine from grapes, currents or other fruits, grown or gathered by the manufacturer." By the act entitled " an act to amend § 9 of chapter 157, of the acts passed at the regular session of the Sixth General Assembly, approved January 28, 1857," passed March 28, 1858, the above section was amended so as to leave out the word "malt" and changes the other words " or gathered by the manufacturer," into the words, " in this state." The reference, in the statute under consideration, to the act of January 28, 1857, being made after the amendments of § 9 thereof, will be held to refer to and mean the act as amended. The sole practical effect of that amendment however, was to exempt malt liquors from the classification of *intoxicating liquors*.

It was held by this court in *The State v. Stapp*, 29 Iowa, 551, that a defendant could properly be convicted on an indictment for selling intoxicating liquors, upon testimony that

he sold wine, unless the defendant should further prove that such wine was manufactured from grapes or fruits grown in this state. Under the statutes referred to, wine is included in the words intoxicating liquors, unless it is shown that it is manufactured from grapes, currants or fruits grown in this state, and the burden of showing this fact is upon the defendant or the party who would be exempted from liability by such fact.

There was nothing in the evidence to show that the wine sold by the defendants in this case, if, indeed, they sold any, was manufactured from fruits grown in this State. In the absence of any such proof, the instruction was correct.

AFFIRMED.