BECKER v. BETTEN.

1. **Intoxicating liquors:** SALE BY MANUFACTURER. Section 1526 of the Code does not confer upon the manufacturer of intoxicating liquors the right to sell the same in this State, even for mechanical, medicinal, culinary, or sacramental purposes, without permission first obtained from the Board of Supervisors of the county.

2. ———: RECOVERY OF PRICE PAID. One who, with permission to sell intoxicating liquors, purchases a quantity from a manufacturer without permission to sell, may not only set up the unlawful sale to defeat a recovery for the price of the same, but where he has made a payment thereon may recover the amount thus paid.

*Appeal from Marion District Court.*

SATURDAY, OCTOBER 24.

THE plaintiff in his petition alleges that he is a manufacturer of intoxicating liquors within the State of Iowa, to be sold according to the statute, and to be used for mechanical and medicinal purposes; and that the defendant has been duly licensed to sell intoxicating liquors for those purposes, at his place of business in Pella. The plaintiff then avers that he sold and delivered to defendant certain liquors (setting out a bill of particulars), amounting to $520.77, upon which the defendant has paid (giving the dates and sums), the amount of $322.55, leaving due plaintiff the sum of $198.22, for which he asks judgment.

The defendant denies that plaintiff is a manufacturer, and avers that he is a wholesale liquor dealer; and denies that he

was authorized according to law to sell such liquors. And defendant sets up a counter claim for the amount paid plaintiff, as shown by the credits on his bill of particulars, which defendant has paid plaintiff for intoxicating liquors sold him by plaintiff contrary to law, and which was received by plaintiff without any legal or valid consideration whatever. The plaintiff, for reply, denies the allegations of the counter-claim.

These issues were tried to the court, who found the facts as follows:

" 1.   The plaintiff being an importer and dealer in foreign and domestic wines and liquors in Burlington, Iowa, sold to defendant, who was duly licensed under the laws of the State, to buy and sell intoxicating liquors at Pella, Iowa, for the purposes authorized by statute, to be there sold by him under his license, the liquors as shown by the account annexed to the petition, furnishing also the kegs, stamps and drayage, as stated.   Defendant has made payments on the account as therein shown.

" 2.   Plaintiff had no license under the State law to sell intoxicating liquors at the time he made the sales to defendant.

" 3.   His claim to being a manufacturer rests upon the following facts:   He rectifies the whisky from highwines, and then from whisky as a basis, produces, by the use of materials which he does not disclose because valuable secrets of the trade, all the other kinds of liquors sold by him to defendant, except the wines.

" 4.   The liquors sold by him to defendant, except the wines, were produced in this way."

And the court also found the following conclusions of law, to-wit:

1.   Even if plaintiff was a manufacturer, that gave him no right to sell without a license.

2.   The license of the defendant did not make the sale to him by plaintiff, who had no license himself, legal, and he, therefore, cannot recover for said liquors.

3.   The payments having been made for intoxicating liquors, sold in violation of the statute, may under its provisions be recovered back.

Upon these findings of fact and law, the court rendered judgment for defendant for $322.55 and costs. The plaintiff appeals.

*Bosquet & Ryan*, for appellant.

*Curtis & German*, for appellee.

COLE, J.—For the purpose of determining this case, we may concede, without deciding the question, that plaintiff is a manufacturer of intoxicating liquors within this state. Our statute prohibits the manufacture or sale of intoxicating liquors in this state, except in accord with the provisions of the stat-

1. INTOXICAT-
ING LIQUORS:
sale by man-
ufacturers.

ute, Rev., Sec. 1559, Code, Sec. 1523. It is there enacted that "nothing contained in this law shall prevent any person from manufacturing in this state liquors for the purpose of being sold according to the provisions of this chapter, to be used for mechanical, medicinal, culinary, or sacramental purposes." Rev., Sec. 1560, Code, Sec. 1524. It is also further enacted, that " any citizen of the state, except hotel keepers, keepers of saloons, eating houses, grocery keepers, and confectioners, is hereby permitted within the county of his residence, to buy and sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes only, provided he shall first obtain permission from the Board of Supervisors of the county in which such business is conducted * * * * *." Rev., Sec. 1575, Code, Sec. 1526. The manner in which the permission is to be obtained is there specified.

In this case, the plaintiff makes no claim that he had obtained such permission to sell, but he claims the right to sell simply because he is a manufacturer. The statute, however, as above quoted, in effect says that no person shall sell intoxicating liquors until he first obtains permission. It therefore denies the right of a manufacturer to sell until he shall first obtain the permission in the manner specified. But it is argued that the right to manufacture necessarily carries with it the right to sell, since the latter is necessary in order to make the former of any effect—that without the right to

sell, the right to manufacture is a barren right. If this were so, the argument would be potent, if not conclusive. It must, however, be remembered that the statute does not wholly prohibit the sale by the manufacturer, but simply regulates the manner in which he shall do it. The right of a manufacturer to sell is no higher than the right of a purchaser to sell— either may sell for the purposes specified, upon procuring the permission; but without such permission neither can sell. Further than this, the right of export remains, unlimited, to the manufacturer and purchaser.

Another argument arises out of the apparent hardship of this judgment, and may be stated as follows: The plaintiff might and did lawfully manufacture the intoxicating liquors for the purpose of being sold for the four lawful uses, and he did sell them to the defendant, who has a legal permission to buy and sell them for those purposes, therefore they have been sold for those purposes and the objects of the law have been accomplished, and hence, why should the alleged illegality of the sale defeat the right of plaintiff to recover, and render him liable to pay back the money he has received for the liquors which have been ultimately disposed of in a lawful manner and for lawful purposes? The only answer is, that the plaintiff violated the statute when he sold the liquors without first obtaining permission, and the subsequent rightful dealing by others did not render his act lawful. Just as a saloon-keeper, who should sell a glass of whisky or brandy to a sick man whose physician had prescribed it and to whom it was a necessity as a medicine, could not protect himself from the consequences of his violation of the law because the liquor was used for a purpose that it was lawful to sell it for; neither would it protect him if he shall show that he manufactured it himself from highwines in this state. The statute is direct, clear and positive, that the consequences adjudged in this case shall follow its violation. This plaintiff did violate the statute by selling the liquors without first obtaining permission as provided by statute to do so, and we have no power to alter the statute or excuse him from its penalties.

2. ——: recovery of the amount paid.

As to the claim that a small portion of the account was for Catawba wine, it is only necessary to remark that there is nothing to show that it was manufactured from grapes grown in this state. *The State v. Stapp*, 29 Iowa, 551.

AFFIRMED.