## HANE v. MID–CONTINENT PETROLEUM CORPORATION et al.

No. 1085.

District Court, N. D. Oklahoma.

Sept. 8, 1930.

H. L. Anderson and B. A. Hamilton, of Tulsa, Okl., for plaintiff.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockowitz, and H. M. Gray, all of Tulsa, Okl., for defendants.

KENNAMER, District Judge.

This action was instituted in the district court of Tulsa county, Okl., to recover damages for the alleged wrongful death of an employee of the defendant corporation. The action seeks a recovery from the defendant, a foreign corporation to the state of Oklahoma, and the individual defendant, a resident of Oklahoma, and a superintendent of the production department of the Mid-Continent Petroleum Corporation.

It is alleged that the deceased was employed as a laborer upon a lease owned by the defendant corporation, and under the management and control of the defendant Smith, its superintendent; that the deceased was injured, resulting in his death, in the course of his employment, by falling upon the cogs and gears of a certain gas engine and pump being used by the defendant corporation; that the gas engine and pump were not maintained in a reasonable and safe condition, in that the cogs and gears were not protected and guarded; that the defendant Smith was charged with the duty of having such guards and protection surrounding the cogs and gears under the laws of the state of Oklahoma. Other defects were alleged to have existed in the gas engine and pump, which, it was alleged, was the duty of the superintendent to maintain in a safe condition. It was further charged that the defendant corporation was negligent, in that it failed to warn and instruct the deceased of the dangerous condition of the machinery and pump; that it was negligent in the manner it built the house around the pump and engine, and in permitting ice and snow to accumulate within the building, and in constructing the pump and engine upon rough and uneven ground; and that the deceased slipped and fell upon the cogs and engine, resulting in his death. It was further stated that the acts of negligence of the individual defendant concurred and commingled with the negligence and carelessness of the corporate defendant. The case was timely removed to this court upon the petition of the defendant Mid-Continent Petroleum Corporation, a nonresident corporation of Oklahoma, having been organized under the laws of Delaware.

No acts of misfeasance are charged against the individual defendant; his failure to provide necessary guards and protection for the cogs and gears upon the engine and pump are set forth as the complaint against him. Mere nonfeasance or an omission to perform a duty by an agent to a third person is not actionable. It is contended, however, that the neglect or omission of an agent to perform some act which he is obligated by law to perform gives rise to a cause of action against him. If no cause of action is stated against the individual defendant, the cause is removable to the federal court by the nonresident corporation; if a joint cause of action is set forth against the resident defendant and the nonresident, the cause is not removable, and the motion to remand the case should be sustained, and the cause

remanded to the state court where it was originally filed.

Plaintiff insists that the individual defendant is liable jointly with the corporate defendant by reason of the Factory Act of Oklahoma. It is as follows (section 7229, Compiled Oklahoma Statutes 1921):

"The owner or person in charge of a factory or any institution where machinery is used shall provide belt shifters or other mechanical contrivances for the purpose of throwing belts on or off pulleys, whenever practicable. All machines shall be provided with loose pulleys and all vats, pans, planers, cogs, gearing, belting, shafting, set screws and machinery of every description shall be properly guarded. * * * *"

The following sections of the act provide for the safety of elevators, for lights, doors, and stairways, for the reporting of injuries, the aid to inspection, and annual reports. Sections 7230 to 7238. Section 7239 provides a penalty of a fine for each offense in failing to comply with any of the provisions of the act.

It is urged that the superintendent, being in charge of the engine and pump, was required to provide the safety devices and that his failure to do so renders him liable in damages to the plaintiff. It has been judicially determined that the Factory Act herein considered applies to machinery operated in a pumping station. Humble Oil & Refining Company v. Anna Hendrix, 2 F. (2d) 33 (8 C. C. A.). The question for determination is whether the superintendent for the corporate defendant was charged with the duty of providing guards and protection for the engine and pump. Certainly the owner and the person in charge are not jointly liable; the disjunctive "or" is employed in the statute, which clearly evidences a legislative intent that only one shall have such a duty, and that shall be either the owner or the person in charge. In this case, it is not sought to impose the duty, for the purpose of fixing liability for damages, upon the owner. The purpose of the statute was to provide for the protection of persons coming in contact with or near machinery, etc., and the terms of the act are satisfied by a construction which requires the person who has charge and control of the machinery to provide the necessary guards and protection. To be more explicit, the person who controls and has charge of the machinery for the purpose of changing, building, tearing down, or otherwise handling, removing, or constructing it should bear the responsibility of pro-

viding guards and protection, and in my opinion the statute is not intended to impose such a duty upon an employee, foreman, or superintendent who has the mere supervision and control of the operation of the pump or engine. A distinction exists between being in charge of the factory and machinery and having the charge of the operations for another of such a factory.

There may be situations where the person in charge of the factory, other than the owner thereof, should be liable for damages and subject to the penalties provided in the Factory Act for failure to comply with its terms. For example, a lessee of a factory, or an independent operator, should bear those responsibilities, for he would be in charge of the factory, which is more comprehensive than having charge of the operation thereof. The intent of the statute is to provide for the protection of persons, and the legislative intent seems to impose such a duty upon the owner or the person in charge of the factory or any institution where machinery is used, rather than upon the person in charge of the operation of such a factory or institution.

■ It seems obvious the phrase used in the statute, "or person in charge of a factory or any institution," has reference to a lessee or contractor who employs the laborers engaged in operating the business. Any other construction of the statute would be unreasonable. One of the well-recognized rules in the construction of statutes is that they are to be given a reasonable construction. To hold that a mere foreman or superintendent of the operations of a factory must assume the burden of providing proper safeguards for the machinery of his master is not justified from the language used in the Factory Act.

■ Generally a superintendent in charge of operations is not empowered to build, change, or otherwise interfere with the machinery as constructed; the owner or person in charge of it alone has that authority, and in my opinion the person having such authority is to be charged with duties imposed by the Factory Act, and a superintendent in charge of operations is not to be so charged.

The penalty provided, being merely a fine, contemplates punishments to corporations, as no imprisonment is included. The act is a regulatory measure, enacted for the protection of persons, rather than a criminal or penal measure. Its object is to afford the protection for which it was enacted, rather than to punish or to impose liabilities. Its efficacy depends upon whom it may be enforced against, and from that standpoint, the owner, or person in charge of the machinery, with authority and ability to change and correct it, is the one to whom it is directed, and for whom its obligations and requirements were intended. Penalizing mere employees who are helpless to remedy or protect such machinery, would avail nothing, and the act was not intended to include them.

My conclusion is that the superintendent in charge of the operation of the lease and, the engine and pump used in connection with it was not bound by the Factory Act to provide guards or protection, but that duty rested upon the owner or person in charge of the machinery, rather than its operation, and that the individual defendant had no duty in that regard. Therefore, the petition does not state a cause of action against the individual defendant, and the cause is removable upon the petition of the nonresident defendant.

The motion of the plaintiff to remand is overruled and denied, and exceptions are reserved for plaintiff upon the ruling.