DUNCAN et al. v. FLAGLER.

No. 30825. Oct. 20, 1942.

Rehearing Denied Dec. 15, 1942.

Application for Leave to File Second Petition for Rehearing Denied Jan. 19, 1943.

*132 P. 2d 939.*

Melton, McElroy & Vaughn, of Chickasha, and Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Hatcher & Bond, of Chickasha, for defendant in error.

BAYLESS, J. J. R. Duncan and C. R. Duncan appeal from a judgment of the district court of Grady county, based on the verdict of a jury, in favor of Dr. Edith Flagler, who sued the defendants to recover damages for injuries to her business occasioned, as she alleged, from a nuisance created and maintained by defendants.

Defendants present five propositions. Four of these relate to one issue of law and the other to an instruction given. We direct our attention first to the four relating to the issue of law. J. R. Duncan owned and operated an ice plant at Chickasha and C. R. Duncan was his managing agent therefor. An engine was installed for use in the operation of this business, and it is admitted that the manner in which this engine was installed resulted in vibration and noise. The jury was justified in finding from the evidence that the operation of the engine amounted to a nuisance. J. R. Duncan resided in Pontotoc county and C. R. Duncan in Grady county. By making C. R. Duncan, the managing agent, a party defendant,

plaintiff was able to establish venue in Grady county and thus serve J. R. Duncan in Pontotoc county. 12 O. S. 1941 § 139. The issue of law argued under the four propositions may be stated thus: The nuisance upon which the plaintiff sued was a nuisance per accidens and the owner of the business alone was responsible and no cause of action existed against C. R. Duncan, the servant or agent. In other words, while the Duncans do not admit the correctness of the judgment rendered in favor of plaintiff, they recognize that on the fact issues there was enough evidence to justify submitting the issue to the jury and to support the judgment rendered for the plaintiff. They do not make any argument on this point. However, they do seriously urge that as a matter of law, an agent, servant or employee is not liable to third persons who may be injured by the creation or maintenance by the employer of a business that becomes a nuisance per accidens. Each of the parties cite texts and decisions from this and other courts touching upon the subject generally.

In 35 Am. Jur. 570 and 592; and Oklahoma City v. Tyetenicz, 175 Okla. 228, 52 P. 2d 849, McDaniel v. City, 91 Kan. 40, 136 P. 899, and other decisions; and in 39 Am. Jur. §§ 24 and 32, the general rule is stated that all those who participate in the creation or maintenance of a nuisance are liable to third persons for injuries suffered therefrom. In the decisions cited by plaintiff it appears that the joinder of the master and servant was in tort actions involving negligence. Insofar as those cases are cited in support of that aspect of plaintiff's case which attempted to charge C. R. Duncan with the responsibility for the creation of this nuisance, we think they are without purpose, since it is our opinion that the evidence in this case is not sufficient to support a judgment against C. R. Duncan on that theory. Insofar as the authorities cited by plaintiff may be accepted as statements of the general rule relating to liability for nuisance, they are acceptable, but in none of them does it appear that the servant, agent, or employee was

joined as a party defendant. Defendants have cited the same textual authorities and decisions in support of their contention that the servant is not liable. 49 A. L. R. 521, 20 A. L. R. 97, and Chicago, R. I. & P. R. Co. v. Witt, 144 Okla. 246, 291 P. 59, and the line of cases cited therein including Cincinnati, New Orleans & Texas Pacific Railway Co. v. Robertson, 115 Ky. 858, 74 S. W. 1061. With respect to these authorities, we may say about the same that was said about those cited by plaintiff.

In none of the cases cited is our attention called to a decision involving a substantially similar issue to the one here. In discussing this issue we are assuming the position that both parties discussed in respect to the maintenance of a nuisance, and that is whether C. R. Duncan could be held liable for the maintenance of a nuisance although he might not be shown to have created it.

We have not found any cases wherein servant, agent, or employee has been held liable for damages in such an instance. We have found a case where the managing officers of a corporation were held liable for damages resulting from a nuisance. Nunnelly v. Southern Iron Co., 94 Tenn. 397, 28 L. R. A. 421. We have also found cases wherein the manager of a business, as Duncan was the manager in this instance, has been held liable to criminal prosecution for the maintenance of a business which constituted a nuisance [Terry v. State, 24 Ohio Cir. Ct. R. 111 (cited by plaintiff); State v. Bell, 5 (Porter) Ala. 365; State v. Stucker, 33 Iowa, 395, and St. Johnsbury v. Thompson, 59 Vt. 300, 9 Atl. 571, 59 Am. Rep. 731], and at least one case wherein the manager of a business which was maintained in such a manner as to constitute a nuisance per accidens, was enjoined to abate or desist. Darr v. Cohen, 94 Misc. Rep. 471, 158 N. Y. Supp. 324. In this last case a restaurant on the ground floor of an apartment building installed improperly and maintained in an extremely noisy condition a dumb waiter to serve the upper floors of the apartment building. An action was brought against the manager to

abate this nuisance and his defense was that he was simply an employee and not subject to be sued for such relief. We quote the language of the New York court on this point:

"The defendant insists that the complaint should be dismissed because he is not the owner or occupant of the premises, but is merely an employee. As heretofore stated, the complaint alleges that he is the 'operator' of the restaurant, and this is not denied by the answer. The defendant testifies that he is the manager of the restaurant; but, whatever may be the proper word to best describe his relation to the business, the evidence shows that until quite recently he had an interest therein, and that he aided and abetted in the maintenance of the nuisance. Under these circumstances he may be enjoined."

It seems reasonable to us to say that if the manager of a business may be prosecuted criminally for the maintenance of a nuisance, and may be enjoined for the maintenance of a nuisance, no rational reason presents itself why he may not also be liable for damages for the injuries caused by the maintenance of such a nuisance. There are three remedies against those who maintain such nuisances, criminal prosecution, injunction, and damages. We have seen that the manager of such a business can be subjected to two of the remedies. We think the analogy between these two and the third and the reasons that support the application of the first two apply equally to the third.

We therefore hold that C. R. Duncan, the manager of this business, was legally liable in a civil action for damages for his part in the maintenance of this nuisance.

In the fourth assignment of error complaint is made of the giving of instruction No. 11, the tenor of which amounted to an invasion of the provinces of the jury on two issues of fact, so the defendants argue. We have considered this instruction in its proper setting with all of the other instructions given, and we are of the opinion that the criticism made against the one instruction disappears when it is considered in connection with all the others given. Where the instructions taken together and considered as a whole fairly present the law applicable to the issues raised by the pleadings and the evidence, they are sufficient, and the fact that one standing alone may itself be subject to criticism unless it is considered with the others is not sufficient ground for reversal. The judgment of the trial court is affirmed.

Plaintiff moved for judgment on the supersedeas bond, upon affirmance, against the sureties thereon. We observe that the case-made contains a surety bond with J. R. Duncan and C. R. Duncan as principals and J. M. Duncan, J. R. Duncan, and Ola Duncan as sureties. The motion is granted, and upon remand, the trial court is directed to enter judgment on the proper records of the district court of Grady county against said sureties and each of them in the same manner and to the same extent as judgment has been entered against J. R. Duncan and C. R. Duncan.

OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and DAVISON, J., concur in conclusion. CORN, V. C. J., and RILEY, J., absent.