680

Marshall BASS, Plaintiff,

v.

**HALLIBURTON OIL WELL CEMENT-
ING COMPANY, Halliburton Oil Pro-
ducing Company, H. H. Whited, John N.
Dunham, and Otto Stewart, Defendants.**

Civ. No. 3787.

United States District Court
E. D. Oklahoma.

June 3, 1955.

' Homer Bishop, James E. Driscoll, Seminole, Okl., and Duke Duvall, Oklahoma City, Okl., for plaintiff.

Pierce, Mock & Duncan, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

In removing the instant case to this Court, the defendants urge that no cause of action has been stated against the

resident individual defendants, employees of defendant Halliburton Oil Well Cementing Company, a Delaware corporation,[1] and that said employees have been fraudulently joined for the sole purpose of defeating federal jurisdiction. Because of the lack of diversity, plaintiff challenges this Court's jurisdiction and moves that the case be remanded.

After carefully considering briefs of counsel and the evidence introduced at the hearing on this motion, the Court has concluded that the case must be remanded inasmuch as the complaint alleges a cause of action against the resident defendants and there has not been a fraudulent joinder of parties as a matter of law.

Plaintiff's claim against the defendant corporation is based upon the company's alleged negligence in furnishing a "worn or defective high-pressure 'L' connection" which was attached to the tubing of the well on which plaintiff was working when injured.[2] The negligence of the employees which allegedly concurred with the just-mentioned negligence of the company, is based upon: (1) a failure to inspect and discover "the defective or worn or insecure connection";[3] (2) a failure to "repair and make safe" the connection;[4] and, (3) a failure to use a safety chain in using the "L" connection.[5]

Upon principle, the existence of the special relationship of master-servant or employer-employee between the defendant company and the individual defendants should in no way be determinative of whether the plaintiff has stated a cause of action in negligence against the individual defendant employees; neither should it be material whether the negligence asserted against the defendant employees be categorized as acts of commission or acts of omission. The basic test, as in all cases of actionable negligence, is whether the plaintiff has alleged ultimate facts which demonstrate that the defendant employees breached a legal duty which they

1. Although Halliburton Oil Producing Company, a Delaware corporation, is also joined as a party defendant, it is apparent from the evidence introduced upon the hearing to remand, that said company has no proper place in this suit.

2. The complaint alleges in part: "1. Halliburton Oil Well Cementing Company and Halliburton Oil Producing Company, were guilty of negligence because they kept and maintained a worn or defective high-pressure 'L' connection attached to the tubing of that well; thus, it was insecure and created an ever present hazard or danger."

3. The complaint provides in part: "2. The defendants, H. H. Whited, John N. Dunham and Otto Stewart, and each of them were guilty of negligence because directly under their supervision and order and direction and manual application the defective or worn, unsafe, insecure high-pressure 'L' connection was by them attached to the tubing of that well. 3. The defendants and each of them owed a duty to Marshall Bass, to inspect and discover the defective or worn or insecure connection. There failure to inspect and discover the same was negligence."

4. The complaint states in part: "4. The defendants and each of them owed a duty to repair and make safe the dangerous, defective or worn, insecure connection. Their refusal to repair and make safe the same was negligence."

5. The specific allegations in this regard provide: "5. These defendants and each of them knew or by the exercise of just ordinary care and caution, could and should have known that, that without a safety chain attached to the connection and made fast, the same would fall. Thus, these defendants and each of them owed a duty in the exercise of ordinary care and caution in the method and manner of doing this work to use such safety chain, this each and all of the defendants refused to do. Their failure to do so was negligence. 6. The positive act of negligence of the defendants, H. H. Whited, John N. Dunham, and Otto Stewart, in using and putting this 'L' connection upon the tubing and their refusal to use a safety chain united, merged and concurred with the negligence of the defendant Corporations above named, in supplying or furnishing a hazardous, insecure and defective connection to directly cause the injuries, all loss and damage inflicted upon the person of Marshall Bass."

personally owed to the plaintiff, as distinguished from the breach of any duty or duties owed by such employees to their employer.[6] This test, although simple to state, becomes rather difficult to apply in cases of the instant class insofar as determining just when a duty becomes owed to third persons.

In an effort to draw some definable line, some Courts, including the Oklahoma Court, have ruled that where there is a complete failure by an employee to embark upon carrying out the employer's will the only duty personally owed by the employee is to his employer; and, consequently, a breach of such duty does not give rise to cause of action against the employee by any third persons. For convenience, this specific situation has been referred to as *nonfeasance*.[7] However, where an employee affirmatively undertakes to carry out his employer's will, in addition to the contractual duty owed his employer, the courts have ruled that at such point the employee becomes obligated to exercise due care with regard to the rights of third persons and a failure so to do constitutes negligence for which the employee is personally liable. Such condition has been termed *misfeasance*.[8]

Although this court imposed rule which recognizes liability in the case of misfeasance, but not in the case of nonfeasance, may be attacked as an arbitrary and superficial norm, not rationally related to the basic question of whether a duty was in fact owed to third persons,[9] this test has been accepted in Oklahoma.[10]

■■ In the instant case, the allegations against the individual defendants charging them with a failure to "inspect and discover" or "to repair and make safe" defects in the equipment in question, prior to using it, can only be deemed nonfeasance as heretofore defined; and, do not give rise to a legal claim against the defendant employees.[11]

6. As observed in Chicago, R. I. & P. Ry. Co. v. Witt, 144 Okl. 246, 291 P. 59, 61 (1930): " * * * to constitute a cause of action against an employee or a servant by a third party, the negligence charged must express or establish some breach of duty which the employee or servant owed to the injured party in the performance of the duties owing to the master for which breach the employee is answerable as a principal. (Citing authorities.)"

7. See Morefield v. Ozark Pipe Line Corporation, D.C.Okl.1928, 27 F.2d 890; Davis v. St. Louis & S. F. Ry. Co., D.C.Okl. 1928, 8 F.Supp. 519; Hane v. Mid-Continent Petroleum Corporation, D.C.Okl.1930, 43 F.2d 406; Oklahoma Natural Gas Co. v. Courtney, 1938, 182 Okl. 582, 583, 79 P.2d 235, 241. Cf. Chicago, R. I. & P. Ry. Co. v. Witt, footnote 6, supra.

8. See Hane v. Mid-Continent Petroleum Corporation, footnote 7, supra, 43 F.2d at page 407. Also, read Oklahoma Natural Gas Co. v. Courtney, footnote 7, supra.

9. "Notwithstanding the fact that a discussion of the question of the distinction between misfeasance and nonfeasance upon the servant's liability is found in very many of the cases in which actions have been brought against the servant, the cases in which the action has failed are comparatively few. As has already been suggested the fundamental question which must ultimately furnish the rule of decision in this class of cases is whether or not a servant owes a duty to the person injured. * * *" 20 A.L.R. p. 155. As observed in the supplemental annotation at 99 A.L.R. 424: "With the distinction between acts of 'misfeasance' and acts of 'nonfeasance' still somewhat obscure among the courts, there continues to be a lack of uniformity of opinion as to liability of a servant to a third person for injuries caused by his failure to perform a duty which he owes to his master, since they are not agreed as to whether such duty carries with it a duty to a third person."

10. See Morefield v. Ozark Pipe Line Corp., footnote 7, supra; Davis v. St. Louis & S. F. Ry. Co., footnote 7, supra. Cf. Hane v. Mid-Continent Petroleum Corporation, footnote 7, supra; Chicago, R. I. & P. Ry. Co. v. Witt, footnote 6, supra; and, Oklahoma Natural Gas Co. v. Courtney, footnote 7, supra.

11. Although it might be urged that the employees had begun to discharge their duty for their employer and hence were guilty of negligence in the carrying out of such duty by failing to observe the defective equipment, from the ultimate

However, the allegations which charge the employees with failing to use a safety chain while affirmatively carrying out their employer's wishes, describe misfeasance, and state a cause of action against the employees personally.[12]

■ The evidence introduced by defendant, although seriously challenging the merit of plaintiff's claim against the employees personally, does not establish that as a matter of law the joinder is fraudulent. At this juncture the Court cannot consider this issue on its merits and weigh the evidence but must merely determine whether or not the allegations are completely fictitious and spurious, amounting to a fraudulent attempt to defeat federal court jurisdiction.[13]

It is elementary that the intent to defeat federal jurisdiction on the part of the plaintiff does not of itself constitute fraud where there is some substance to the allegations;[14] and, this Court can but rule there exists a legitimate question of fact to be submitted to a jury on the issue of whether the defendant employees were guilty of carelessness in not using a safety chain in the operation in question.[15]

■ Since there has been no fraudulent joinder of the resident defendants; and, inasmuch as, where questionable, jurisdiction must be resolved in favor of the state court, this case is hereby remanded.

Dated this 3rd day of June, 1955.

facts alleged and from the evidence introduced upon hearing, it is clear that plaintiff charges the employees with failing to "inspect and discover" *latent* defects in the equipment; and, no such duty of inspection was owed to the plaintiff. Morefield v. Ozark Pipe Line Corp., footnote 7, supra; Davis v. St. Louis & S. F. Ry. Co., footnote 7, supra; and, Chicago, R. I. & P. Ry. Co. v. Witt, footnote 6, supra. The instant allegations must be distinguished from allegations asserting employees' negligence in using a defective piece of equipment wherein the user has *actual* notice of the defect, or where the defect is so patent that an ordinary prudent person under the same circumstances would not have proceeded to use such defective equipment because of foreseeable danger. Also, distinguish Duncan v. Flagler, 1942, 192 Okl. 118, 132 P.2d 939, wherein *nuisance* is involved.

12. See cases cited in footnote 8, supra.

13. Read Montrey v. Peter J. Schweitzer, Inc., D.C.N.J.1952, 105 F.Supp. 708, and cases cited therein. Also, see Wesner v. Gas Service Co., D.C.Mo.1942, 45 F. Supp. 645.

14. Mecom v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233.

15. The mere fact that Halliburton's employees were not at the well site at the time of the complained of injury is not controlling in determining whether a cause of action is stated against the employees or whether a fraudulent joinder has occurred. The plaintiff asserts, in substance, that said employees were guilty of carelessness in failing to attach the safety chain while there at the well site; and, that such employees could reasonably have anticipated some injury could result. Although defendants' evidence (the plaintiff introduced no evidence at the time of hearing, but reserved the right to later submit evidence if necessary) is persuasive that said employees were not guilty of negligence inasmuch as they left the equipment attached to the tubing for the convenience of the well operator, and assumed that such equipment would be detached before pulling the tubing; nonetheless, it remains a question of fact for the jury, whether the Halliburton employees, under the circumstances, were guilty of carelessness in leaving the well site without first attaching the safety chain, providing added protection in the event said equipment was left attached when the tubing was pulled.