Mabel Pearl SCOTT, Appellant,

v.

C. H. HUFFMAN and The Atchison, Topeka and Santa Fe Railway Company, a corporation, Appellees.

No. 5370.

United States Court of Appeals Tenth Circuit.

Oct. 8, 1956.

Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellant.

Sam C. Oliver, Oklahoma City, Okl. (George M. Green and Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

Mabel Pearl Scott brought this action in the District Court of Oklahoma County, Oklahoma, against Huffman and the Atchison, Topeka and Santa Fe Railway Company [1] to recover damages for personal injuries sustained as the result of

1. Hereinafter called the Railway Company.

a collision between a passenger train of the Railway Company and an automobile being driven by Scott at a crossing of the Railway Company in Oklahoma City, Oklahoma.

In paragraphs III and IV of her complaint, Scott alleged that Huffman was employed by the Railway Company as a conductor and that at the time of the accident the train was under his direct charge, supervision, and control; that Huffman and the Railway Company operated the train at a high, reckless, and dangerous speed, and that Huffman "caused, directed and permitted the negligent operation of such train" and "permitted the same to be operated in violation of the speed limits, the Ordinances of Oklahoma City and the dictates of common prudence."

The Railway Company is a corporation organized under the laws of the State of Kansas. Scott and Huffman are citizens and residents of the State of Oklahoma.

The Railway Company removed the action to the United States District Court for the Western District of Oklahoma on the ground of the improper and fraudulent joinder of Huffman as a party defendant. After removal, Scott amended paragraph IV of her complaint to read, in part, as follows:

"The accident and injuries to the plaintiff were caused by the negligence of the defendants in that they ran said train over, against and upon her * * *; in operating said train at a high, reckless and dangerous rate of speed under the circumstances then existing in a heavily populated city near the downtown area; * * * that said train was running more than an *your* late and said conductor, Huffman, caused, directed and permitted the negligent operation of such train aforesaid and permitted the same to be operated in violation of the speed limits, the ordinances of Oklahoma City, and the dictates of common prudence; * * *."

Scott filed a motion to remand the action to the state court and Huffman filed a motion to dismiss the action as to him.

At the hearing on the motion to remand and the motion to dismiss, Huffman and the Railway Company introduced the evidence of Huffman and J. E. Lassiter, Assistant General Manager of the Railway Company. Such evidence established these facts: It was the duty of the engineer to provide for a safe movement of his train at the speed restrictions prescribed by the Railway Company, to properly start and stop the train, to observe all signals and slowboard indications, and abide by speed restrictions. He had no duties to perform, other than the operation of the train. In his position in the cab he had full view of crossings and could constantly observe the speedometer indicating the speed of the train.

Huffman, as conductor, was in general charge of the train; it was his duty to secure the train orders, see that the train was prepared to depart; pass the signals to the engineer for the departure of the train, take up the tickets, and look after the welfare of the passengers.

The conductor had means of communicating with the engineer and if he observed the train was traveling at an excessive rate of speed, it was his duty to the Railway Company to signal the engineer to slow down the speed of the train to proper limits. But he was not in active control of the locomotive or the speed of the train.

The train in the instant case was operated under a centralized traffic control system and, by means of such system, was also under the control of the dispatcher. The dispatcher could control the speed of the train over the segment of the track where the accident occurred and he was charged with that duty.

At the pre-trial conference, and also at the hearing on the motion to remand, counsel for Scott conceded that he did not have any evidence that Huffman, as conductor, ordered, or directly caused or

permitted the train to be operated at an excessive speed, and that his negligence, if any, consisted in his failure to signal the engineer to slow down the speed of the train.

The trial court found that the uncontradicted evidence established that Huffman did not affirmatively cause or direct the engineer to operate the train at an excessive rate of speed, and that counsel for Scott admitted Scott did not have any information or evidence tending to establish any positive negligent action on the part of Huffman, and relied exclusively on the duty of Huffman, as conductor to the Railway Company, to notify the engineer to reduce his speed upon noticing any speed violation or dangerous operation and the fact that he failed to signal the engineer to reduce the speed of the train.

The trial court overruled the motion to remand and sustained Huffman's motion to dismiss. Scott has appealed from the judgment dismissing the action as to Huffman.

 The accident occurred in the State of Oklahoma and the question of the liability of Huffman to Scott is controlled by decisions of the Supreme Court of Oklahoma.[2]

The rule in Oklahoma is that a servant occupying the relation which Huffman did to the Railway Company in the instant case is not liable to third persons on account of his nonperformance of a duty of his employment, but only for acts of positive wrong and negligence.[3]

Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235, relied on by counsel for Scott, is clearly distinguishable. In that case two employees of the Oklahoma Natural Gas Company were charged with opening a gas meter without having made a proper inspection. The gas escaped and by reason thereof

an explosion occurred, resulting in injuries to the plaintiff. Obviously, the acts of the employees were acts of positive and active commission, as distinguished from mere nonfeasance or omission, as in the instant case.

Likewise, Duncan v. Flagler, 192 Okl. 18, 132 P.2d 939, is clearly distinguishable. That was not a negligence action, but an action for the creation and maintenance of a nuisance, in which creation the servant involved actively participated.

The judgment dismissing the action as to Huffman is affirmed.

---

2. Erie R. Co. v. Tompkins, 304 U.S. 64, 71, et seq., 58 S.Ct. 817, 82 L.Ed. 1188.

3. Chicago, R. I. & P. Ry. Co. v. Witt, 144 Okl. 246, 291 P. 59; Hane v. Mid-Continent Petroleum Corp., D.C.N.D.Okl., 43 F.2d 406, 407; Davis v. St. Louis & S. F. Ry. Co., D.C.N.D.Okl., 8 F.Supp. 519, 520.