**Reba KILLEBREW, Plaintiff,**

**v.**

**ATCHISON, TOPEKA & SANTA FE RY. CO., and John Crownover, Defendants.**

**Civ. No. 64-280.**

United States District Court
W. D. Oklahoma.

Sept. 17, 1964.

Cargill, Cargill, Chiaf, Rudkin & Cargill, Oklahoma City, Okl., for plaintiff.

Franklin, Harmon & Satterfield, Oklahoma City, Okl., for defendants.

DAUGHERTY, District Judge.

This matter is before the Court on both a motion to remand filed by the plaintiff and a motion to dismiss filed in behalf of the defendant Crownover. The motion to dismiss is related to the motion to remand. If the motion to dismiss is well taken there is diversity and this Court will retain jurisdiction; if not well taken the requisite jurisdictional diversity is not present and the cause must be remanded.

The determinative question posed to the Court is whether or not the plaintiff has stated a claim against the defendant Crownover. The answer must be found in the substantive law of Oklahoma as decided by its highest court. Scott v. Huffman, 10 Cir., 237 F.2d 396, 398.

The applicable rule of law in Oklahoma is to the effect that an employee, such as the defendant Crownover, is liable to third persons, such as the plaintiff, only for acts of positive or active wrong and negligence and not for a failure to perform a duty of his employment. Scott v. Huffman, supra, and cases cited therein. Therefore, it is necessary for the plaintiff to have alleged a failure

on the part of the defendant to perform a duty which he owed to the plaintiff, notwithstanding said defendant's employment. The Court fails to find such an allegation in the petition, thus the motion to dismiss is sustained for the reasons hereinafter stated.

In Chicago, R. I. & P. Ry. Co. v. Witt, 144 Okl. 246, 291 P. 59, the Oklahoma Supreme Court held:

" * * * that, in an action of tort by a third party, as here, against a section foreman joined as a party defendant with his employer, a railroad company, which is by law charged with the duty of constructing and maintaining a crossing over its railroad tracks and right of way at an intersection of a public highway, unobstructed and in a good condition for the use of the public, to recover for personal injuries alleged to have resulted from the master's negligent construction and maintenance of its tracks at such crossing, a petition which alleges that the employee 'negligently and carelessly maintained' such tracks, without a statement of facts showing in what the negligence of the employee consisted whereby he committed a breach of or omitted a duty to the injured party for which the employee may be held liable as a principal, fails to state a cause of action against the employee."

The Court reasoned that the duty was that of the railroad company and it is not imposed upon the employees when employed and that in any event the negligence of the defendant section foreman as charged would be, at most, nonfeasance to the master. It should be noted that there was a vigorous and well-reasoned dissent which would sustain the plaintiff's claim in this case. But, needless to say, it is not the law in Oklahoma.

■ The plaintiff's petition alleges among other things, that the defendant Crownover was the foreman at the accident scene; that all defendants knew the crossing lights were not working and that they failed to flag or warn the deceased; that the defendant Crownover was "at the crossing with lanterns and knew that said crossing lights were not burning and failed to flag or warn the deceased." Nowhere is there an allegation charging a breach or omission of a duty for which the defendant Crownover could be held liable as a principal. Nothing is alleged for which the defendant railroad (the master) will not be held responsible under the respondeat superior doctrine, if the facts alleged are proven. So, it necessarily follows that no claim has been stated against the defendant Crownover.

It seems pertinent to point out that both parties make reference in their respective briefs to the defendant Crownover undertaking an attempt to warn the deceased with his lantern, which, of course, failed. The deposition of Crownover reveals the same situation. An allegation to that effect could raise the possibility of principal responsibility on the part of Crownover if he assumed a duty to warn but did it negligently, but there is no such allegation in the petition for the Court to consider. See Prosser on Torts, p. 185, et seq.

The plaintiff cites Kurn et al. v. Youngblood, 193 Okl. 299, 142 P.2d 983, in support of her position opposing the motion to dismiss. This case is readily distinguishable both as to facts and law from the present controversy. In that case, the Court was concerned with the basic question of the negligence of the involved railroad company (the master) and whether the record sustained the judgment rendered against it. Nowhere in the opinion is there any discussion relating to the question before the Court in the present controversy. The case offers nothing of merit to help solve the present problem.

■ Turning to plaintiff's motion to remand, the rule is that in a removal proceeding the motive of a plaintiff in joining a defendant is immaterial, provided there is in good faith a cause of action against those joined. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183,

52 S.Ct. 84, 76 L.Ed. 233, is cited in support thereof. It will suffice to say that the rule is correct, but no "cause of action" was stated against the defendant Crownover. Said motion to dismiss is sustained and said motion to remand is overruled.