**Ruth FINE and Sam Fine, Plaintiffs,**

v.

**BRANIFF AIRWAYS, INCORPORATED
and Young Doggett, Defendants.**

**Civ. No. 69–167.**

United States District Court
W. D. Oklahoma.

July 10, 1969.

See also D.C., 302 F.Supp. 496.

———◆———

John Norman, of Lampkin & Wolfe, Oklahoma City, Okl., for plaintiffs.

Burton J. Johnson and Robert Huckaby, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for defendants.

ORDER

DAUGHERTY, District Judge.

The Court has under consideration Plaintiffs' Motion to Remand and Motion to Add Additional Parties Defendant. This case was initiated by Plaintiffs, Oklahoma citizens, in the Oklahoma County District Court against Braniff, which is not a citizen of Oklahoma for diversity purposes, and its employee Doggett, who is an Oklahoma citizen. Braniff has removed the case to this Court alleging that Doggett was fraudulently joined by Plaintiffs to defeat federal jurisdiction.

In support of this allegation, Braniff has presented an affidavit by Doggett that he is not directly responsible for the passenger unloading operations of its airplanes including that wherein Plaintiff Ruth Fine received her injuries. As the presence of Doggett in the case defeats federal jurisdiction, disposition of Plaintiffs' Motion to Remand turns on whether they have a cause of action against him under Oklahoma law. In this connection, the recent case of J. C. Penney Company v. Barrientez, 411 P. 2d 841 (Okl. 1965), undertook to clarify the liability of supervisory employees to third persons suffering injury on premises under their control. J. C. Penney's employee Truhitte was the manager of its Oklahoma City store and the action involved, as here, was of the "slip and fall" category. Distinguishing Scott v. Huffman, 237 F.2d 396 (Tenth Cir. 1956), which held that the employee's negligence must be active and a breach of a duty owed by the employee to the third party and not merely to his employer, the Oklahoma court held that the employee could be liable under the proper circumstances. The court stated,

"They [Scott v. Huffman, supra, and other cases] are all different from the present case in that in them it was not established that the individual defendants were in control, or active charge, of the particular sphere of activity complained of by the re-

spective plaintiffs therein, as the source, or cause, of their injuries. Here, there is no question but that Truhitte, as the Penney Company's manager, was the one of the store's personnel who, ultimately, was responsible for the protection of its customers, or business invitees, against harmful, and temporary, but dangerous, conditions in the store, such as the one involved here. * * * To plaintiff, and others like her, Truhitte *was* the J. C. Penney Company, or its local representative, or substitute." 411 P.2d at p. 851.

Thus, the question here is whether the unloading operation in which Plaintiff Ruth Fine was injured was within the "particular sphere of activity" which Doggett controlled.

The Court is unwilling to determine this question by affidavits and counter affidavits. It is deemed of sufficient importance to warrant an evidentiary hearing. The parties will be advised of the date of such evidentiary hearing in the near future. The Court will abate the Plaintiffs' Motion to Add Additional Parties Defendant until the Motion to Remand is disposed of.

See also D.C., 302 F.Supp. 495.