Mary Virginia **REED**, Plaintiff,

v.

**SAFEWAY STORES, INCORPORATED,**
**and Robert L. Watson,**
**Defendants.**

No. 74–C–446.

United States District Court,
N. D. Oklahoma.

Feb. 20, 1975.

Terry W. West, Shawnee, Okl., James B. Browne, Oklahoma City, for plaintiff.

Thomas R. Brett, Tulsa, Okl., for defendants.

## MEMORANDUM OPINION

COOK, District Judge.

This action arises from an alleged act of negligence on the part of the Defendants in failing to provide a safe parking area for the Plaintiff. In her Petition filed on October 9, 1974, in the Drumright Division of the Creek County District Court, the Plaintiff, Mary Virginia Reed, alleged that on or about October 22, 1969, she was a customer and an invitee of the Defendant's Safeway Store in Cushing, Oklahoma. After purchasing items from Defendant's store she attempted to return to her automobile which was parked in the parking lot owned by the Defendant Safeway Stores, Incorporated. Due to a hazardous slope in the design of the passageway of the parking lot and due to oil and grease drippings on the surface of the passageway all of which is alleged in the Petition, the Plaintiff slipped and fell to the surface of the Defendant's parking lot and sustained injuries.

In her Petition the Plaintiff joined Robert L. Watson who was a manager of the Safeway Store at Cushing, along with Safeway Stores, Incorporated, as party Defendants and alleged that these Defendants knew of the danger presented by the sloping passageway because of its improper construction, design and maintenance and had a duty to protect the Plaintiff from such danger.

The Defendants have brought this cause to the United States District Court for the Northern District of Oklahoma on a Petition for Removal wherein the Defendants contend that this controversy is between residents of different states notwithstanding the joinder of the Defendant Robert L. Watson who at all times material to this action was a citizen and resident of the State of Oklahoma. Jurisdiction is based on diversity and jurisdictional amount. The Petition for Removal alleges that Robert L. Watson has been improperly and fraudulently joined as a party to this action for the sole purpose of preventing the Defendants from removing this case to the United States District Court. Attached to the Petition for Removal is an affidavit of Robert L. Watson stating that the affiant did not personally plan, design or have anything to do with the construction of the Safeway store at Cushing and further that the affiant was not acting as the manager of the Safeway store where the alleged accident occurred on or about October 22, 1969, for the reason that he was enjoying a two week vacation while the management of the store was in the control of another person.

On November 13, 1974, the Defendant, Robert L. Watson filed a Motion to Dismiss in this Court on the grounds that the Plaintiff's Petition fails to state facts upon which recovery can be based under the laws of the State of Oklahoma. On February 7, 1975, the Plaintiff filed a Motion to Remand in this Court which Motion contends that this cause has been improperly removed to this Court. The Plaintiff, Mary Virginia Reed and the Defendants, Safeway Stores, Inc., and Robert L. Watson have submitted responsive briefs to the Court in support and opposition to Motions to Dismiss and Remand. All parties have been provided with ample opportunity to brief and present arguments to the Court. After carefully considering the arguments presented in the briefs and having perused the entire file and being fully advised in the premises the Court has concluded that the Motion to Dismiss of the Defendant Robert L. Watson should be sustained and that the Plaintiff's Motion to Remand should be overruled for the reasons set down below.

In the briefs submitted to the Court the parties have relied heavily on the case of *J. C. Penney v. Barrientez,* 411 P.2d 841 (Okl.1965) to support their arguments. *Barrientez* was an action in negligence against both J. C. Penny Company, a Corporation and Charles Truhitte the manager of the Penny store where the accident occurred. In *Barrientez* the plaintiff alleged that the manager Truhitte had a duty to protect her from a littered stairway when the manager had custody and control of the premises. The Court found liability where

"[ON] the basis of the evidence, Truhitte both undertook to discharge the duty his employer, Penney Company, owed its invitees, and was the custodian of the store's premises, or, in so far as such business invitees as plaintiff were concerned, was in charge of the store." *Barrientez* at 849

The facts as presented in the instant case are distinguishable from those in *Barrientez* in that Defendant Watson could not have been in custody and control of the Store at Cushing when his uncontroverted affidavit establishes that he was not working for the Defendant Safeway Stores, Inc. at the time of the accident but was taking a two week vacation away from the premises.

While the Oklahoma Supreme Court in *Barrientez* did not decide the issue of Truhitte's liability on the basis of the distinction between nonfeasance and misfeasance, but found liability on the concept of custody and control, the *Barrientez* Court did not overrule previous cases that have made this distinction. The Court stated that *Hane v. Mid-Continent Pet. Corp.,* 43 F.2d 406 (10th Cir. 1930), *Morefield v. Ozark Pipe Line Corp.,* 27 F.2d 890 (8th Cir.

1928) and *Scott v. Huffman,* 237 F.2d 396 (10th Cir. 1956)

> "Are all different from the present case in that in them it was not established that the individual defendants were in control, or active charge, of the particular sphere of activity complained of by the respective plaintiffs therein, as the source, or cause, of their injuries." *Barrientez* at 851

The facts alleged in the Plaintiff's Petition do not establish that the Defendant Watson was in active control nor do they establish that his breach of duty to the Plaintiff was that of misfeasance rather than nonfeasance. The Court finds that the Petition alleges acts of nonfeasance for which the Plaintiff as a third party has no action against the Defendant Watson. This distinction is supported in *Hane* where an action was brought to recover damages for the alleged wrongful death of an employee of the defendant corporation. The plaintiff joined the superintendent of the production department of Mid-Continent Petroleum Corporation alleging that the superintendent had the management and control of the machinery on which the deceased was injured. The *Hane* court found that a failure to warn was an act of nonfeasance and that, "Mere nonfeasance or an omission to perform a duty by an agent to a third person is not actionable." *Hane* at 407. Where the Petition alleges no more than nonfeasance or mere omission on the part of the agent to perform the master's duty, as is alleged in the Plaintiff's Petition, the agent is not liable to the Plaintiff. *Morefield* at 891.

The distinction between nonfeasance and misfeasance has been followed in the case of *Killebrew v. Atchison, Topeka & Santa Fe Ry. Co.,* 233 F.Supp. 250 (W.D.Okla.1964) where District Judge Daugherty held an agent not liable for injuries suffered as a result of a defective warning light in saying:

> "Under Oklahoma law, an employee is liable to third persons only for acts of positive or active wrong and negligence and not for failure to perform a duty of his employment." *Killebrew* at 250.

The Killebrew court based its holding upon *Scott v. Huffman* supra, where in *Scott* the plaintiff alleged that the defendant Huffman was in direct charge, supervision and control as the conductor for the Railway Company. The court found that though it was the duty of the conductor to slow down the speed of the train and that the conductor in general was in charge of the train, he was not in active control of the locomotive and therefore where the plaintiff could not show an act of positive wrong and negligence the conductor was not liable to a third party for a duty which he owed to the principal. *Scott* at 397. The *Killebrew* court required that the defendant, Crownover, be charged with

> "A breach or omission of a duty for which the defendant Crownover could be held liable as a principal. Nothing is alleged for which the defendant railroad (the master) will not be held responsible under the respondeat superior doctrine, if the facts alleged are proven. So, it necessarily follows that no claim has been stated against the defendant Crownover." *Killebrew* at 251.

The Plaintiff's Petition alleges that the Defendant Watson was negligent in designing, constructing and maintaining the parking lot and failing to warn of the sloping passageway. Should it be found that the Defendant Watson was negligent in these particulars, none of these acts are of a nature where the master (Safeway Stores Inc.) will not be held responsible under the respondeat superior doctrine.

■ While the Plaintiff in her Petition alleges that the Defendants knew of the hazardous design of the passageway because of previous accidents, the Petition does not allege that such previous accidents were caused by drippings known to the Defendants. The Defendant Watson cannot be held liable for the

design of the parking lot and cannot be held liable for the failure to keep the lot free of drippings because be had nothing to do with the design of the lot and under the Plaintiff's Petition he is not charged with the knowledge of drippings which give rise to an actionable cause. Finally the uncontroverted affidavit of the Defendant Robert L. Watson, shows that he was on vacation and was not actually present or actively working for Safeway at the time of the accident and therefore could not have known of the drippings alleged by the Plaintiff. He was in no manner in active charge of the premises. The authorities cited and quoted above support the Motion to Dismiss Robert L. Watson as a Defendant in this case.

It is the conclusion of the Court that no liability can be found against Robert L. Watson as an agent for the Principal Safeway Stores, Inc., and that therefore the Motion to Dismiss Robert L. Watson from this case is sustained and the Motion to Remand is overruled.