## MACUTIS v. CUDAHY PACKING CO. et al.

#### (District Court, D. Nebraska, Omaha Division. February 13, 1913.)

#### No. 115.

REMOVAL OF CAUSES (§ 36*)—DIVERSITY OF CITIZENSHIP—JOINDER OF RESIDENT DEFENDANT.

An allegation, in the petition in an action by a servant against his nonresident corporate employer and a resident foreman for a personal injury, that the injury resulted from the failure of the foreman to maintain the place where plaintiff was required to work and the appliances in a reasonably safe condition, does not state a cause of action against the foreman personally, and his joinder does not deprive the corporation defendant of the right to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

At Law. Action by Tony Macutis against the Cudahy Packing Company and Daniel Enright. On motion to remand to state court. Motion denied.

Greene, Breckenridge, Gurley & Woodrough and D. A. Fitch, all of Omaha, Neb., for plaintiff.

J. C. Kinsler, of Omaha, Neb., for defendants.

T. C. MUNGER, District Judge. This cause was begun in the state court, and removed to this court on petition of the defendant Cudahy Packing Company, showing diversity of citizenship between plaintiff and itself. The case is now presented upon a motion to remand. The plaintiff was an employé of the Packing Company, engaged in work about carcasses of beeves, and was injured by the fall of a carcass upon him. He alleges that it was the duty of the Packing Company's foreman, who is the other defendant, to repair and maintain in safe condition the appliances from which the carcass was suspended, and that it was the duty of the defendants to furnish and maintain safe appliances, and that defendants negligently allowed the appliances to be worn, defective, and unsafe, and, as a result of such condition, his injuries occurred. In this there is no allegation of facts showing a neglected duty of the foreman to the plaintiff. At most, the allegation charges no more than nonfeasance—mere omission on the part of the

foreman to perform the master's duty as to inspection and repairs. For this the foreman is not liable to the plaintiff. Mechem on Agency, §§ 569, 572, 573; Kelly v. Chicago & A. Ry. Co. et al. (C. C.) 122 Fed. 286–289; Floyt v. Shenango Furnace Co. et al. (C. C.) 186 Fed. 539, 540; Clark v. Chicago, R. I. & P. Ry. Co. et al. (D. C.) 194 Fed. 505–514. The consensus of judicial opinion is such that this cannot be said to be a fairly debatable question, as is the joint liability of master and servant for the servant's misfeasance. As the plaintiff's petition discloses no cause of action against the defendant employé, nor any reasonable basis for joining him as a party defendant, it must be held that the controversy is wholly between the plaintiff and the removing defendant. Wecker v. National Enameling & Stamping Co., 204 U. S. 176–185, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

The motion to remand will be overruled.