## MOREFIELD v. OZARK PIPE LINE CORPORATION et al.

District Court, N. D. Oklahoma. August 25, 1928.

No. 484.

**1. Removal of causes ☞36—Nonresident defendant cannot be denied removal because of allegations against resident defendants, which plaintiff cannot reasonably expect to establish.**

Nonresident defendant cannot be denied right to remove case to federal court for diversity of citizenship, because of allegations in complaint against resident defendants, which plaintiff has no reasonable ground to suppose he can establish.

**2. Master and servant ☞311—Resident superintendent's omission to perform master's duty as to inspection and repairs does not render him liable to injured employee.**

Mere nonfeasance or omission of resident superintendent or foreman to perform master's duty as to inspection and repairs does not render him liable for injuries to employee, resulting from unsafe working conditions or appliances.

**3. Removal of causes ☞29—Action against nonresident pipe line company and resident superintendents for death of pumper by fire, due to failure to repair pump and engine, held removable.**

Action against nonresident pipe line company and its resident superintendents, charged with duty of maintaining engine, pump, and pipe line, for death of pumper, due to ignition of oil on his clothing from exhaust pipe, in which it was alleged in petition that defendants were negligent in manner of installing engine and pump, and in failing to keep them in repair, *held* to present controversy wholly between plaintiff and the nonresident corporate defendant, giving such defendant right of removal.

At Law. Action by Mrs. Della Morefield, as the widow and next of kin of Thomas H. Morefield, deceased, against the Ozark Pipe Line Corporation and others, to recover damages for wrongful death, removed from the state court. On motion to remand. Motion denied.

Moss & Young, of Tulsa, Okl., for plaintiff.

Green & Farmer, of Tulsa, Okl., and Joe T. Dickerson and Koerner, Fahey & Young, all of St. Louis, Mo., for defendant Ozark Pipe Line Corporation.

KENNAMER, District Judge. This is an action against the Ozark Pipe Line Corporation, organized under the laws of the state of Maryland, and C. C. Ingram and L. F. Young, citizens and residents of Oklahoma, by the widow and next of kin of Thomas H. Morefield, for the wrongful death of Morefield. The case was removed from the state court of Creek county, Okl., to the federal court, and is pending on plaintiff's motion to remand.

It is alleged in plaintiff's petition that the deceased was employed by the Ozark Pipe Line Corporation as a pumper, and was engaged in the operation of a certain engine; that the engine was located in a small sheet iron building; that, adjacent and attached to the sheet iron pump house, there was a small room, inclosed with sheet iron which was used as an office, in which there was a small gas stove; that there were no floors in the buildings, and that the sheet iron buildings did not extend to the ground; that the exhaust pipe from the engine extended through the tin roof of the pump house; that while the deceased was in the pump house, on January 18, 1927, engaged in the performance of his duties as an employee of the Ozark Pipe Line Corporation, a gasket in or about the check valve of the pump blew out, and as a result the clothing worn by the deceased instantly became saturated with crude oil, and the crude oil and the natural gases which it contained became ignited by the exhaust pipe and the sparks and burning soot discharged from the gas stove in the office, and the pump house became filled with burning oil and natural gases, setting fire to the

clothing of the deceased, resulting in his death.

It is further alleged that the defendant C. C. Ingram was the field and division superintendent of the defendant corporation and charged with the duty of keeping and maintaining the engine, pump, buildings, and office at the pump station in repair, and of making inspections to ascertain any lack of repair in the buildings or machinery. It is alleged that the defendant L. F. Young was an employee of the defendant Ozark Pipe Line Corporation, as assistant to the general superintendent, and had active charge and control of the pipe line, including the pump station at which the deceased met his death; that it was the duty of the defendant Young to inspect and cause to be inspected, and to repair and cause to be repaired, the pump station and machinery. The petition charges that the defendants were guilty of negligence in permitting the gasket to become old, worn, and loosened in its attachments; that they neglected to inspect the pump and check valve and the gasket; that the defendants negligently erected and installed the engine and pump so near one to the other, so that, when a gasket blew out, the gases and oil would become ignited by the engine; that the defendants negligently installed the engine with an exhaust pipe which ran through the roof of the building, knowing that the exhaust pipe became heated to such an extent that it would ignite crude oil and gases contained in the said room; that the defendants were negligent in not installing the exhaust pipe under the surface of the ground, so that its heat and escaping burning particles of soot would not and could not ignite crude oil and gases which might escape from the pump.

[1] Evidence was presented by the removing defendant, the Ozark Pipe Line Corporation, establishing that the two individual defendants had nothing to do with the erection of the pump house, and were not engaged in installing the engine and pump, or the exhaust pipe to the said engine. The evidence was uncontradicted that the plaintiff could not sustain the allegations in her petition, charging misfeasance upon the part of the two individual defendants. The nonresident corporate defendant cannot be denied the right of removal because of an allegation or allegations against resident defendants, of which the plaintiff has no reasonable grounds to suppose she can establish.

[2, 3] It clearly appears from the petition, construed as a whole, that the plaintiff's decedent lost his life because of the blowing out of a gasket, resulting in the ignition of gases or crude oil from the engine. The effect of all the allegations in the petition, which have not been conclusively shown to have been pleaded without reasonable grounds for including them in the petition, is that the Ozark Pipe Line Corporation, a nonresident defendant, failed to furnish the deceased a safe place in which to work, and failed to furnish safe appliances, for which the Ozark Pipe Line Corporation alone is liable. The great weight of authority establishes the rule that, where the allegations of a petition charge no more than nonfeasance or mere omission on the part of the resident superintendent or foreman to perform the master's duty as to inspection and repairs, such defendant is not liable to the plaintiff. In the case of Macutis v. Cudahy Packing Co. et al. (D. C. D. Neb. Omaha D.) 203 F. 291, is as follows:

"This cause was begun in the state court, and removed to this court on petition of the defendant Cudahy Packing Company, showing diversity of citizenship between plaintiff and itself. The case is now presented upon a motion to remand. The plaintiff was an employee of the packing company, engaged in work about carcasses of beeves, and was injured by the fall of a carcass upon him. He alleges that it was the duty of the packing company's foreman, who is the other defendant, to repair and maintain in safe condition the appliances from which the carcass was suspended, and that it was the duty of the defendants to furnish and maintain safe appliances, and that defendants negligently allowed the appliances to be worn, defective, and unsafe, and, as a result of such condition, his injuries occurred. In this there is no allegation of facts showing a neglected duty of the foreman to the plaintiff. At most, the allegation charges no more than nonfeasance—mere omission on the part of the foreman to perform the master's duty as to inspection and repairs. For this the foreman is not liable to the plaintiff. Mechem on Agency, §§ 569, 572, 573; Kelly v. Chicago & A. Ry. Co., et al. (C. C.) 122 F. 286, 289; Floyt v. Shenango Furnace Co. et al. (C. C.) 186 F. 539, 540; Clark v. Chicago, R. I. & P. Ry. Co. et al. (D. C.) 194 F. 505, 514. The concensus of judicial opinion is such that this cannot be said to be a fairly debatable question, as is the joint liability of master and servant for the servant's misfeasance. As the plaintiff's petition discloses no cause of action against the defendant employé, nor any reasonable basis for joining him as a party defendant, it must be held

that the controversy is wholly between the plaintiff and the removing defendant. Weeker v. National Enameling & Stamping Co., 204 U. S. 176, 185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757."

See Richardson et al. v. Southern Idaho Water Power Co. et al. (D. C.) 209 F. 949; Marach v. Columbia Box Co. et al. (C. C.) 179 F. 412; Plunkett v. Gulf Refining Co. et al. (D. C.) 259 F. 968; Floyt v. Shenango Furnace Co. et al. (C. C.) 186 F. 539; Kelly v. Chicago & A. Ry. Co. et al. (C. C.) 122 F. 286.

The motion to remand the cause will be denied; and it is so ordered.