### STOGNER v. JACKSON et al.
### No. 3479.

District Court, E. D. South Carolina.

Oct. 11, 1935.

McEachin & Townsend, of Florence, S. C., for plaintiff.

Willcox, Hardee & Wallace, of Florence, S. C., for defendants.

MYERS, District Judge.

This action was commenced by the plaintiff, a resident and citizen of the state of South Carolina, against the defendant J. S. Jackson, a resident and citizen of the state of South Carolina, and the Great Atlantic & Pacific Tea Company, a corporation duly organized and existing under the laws of the state of Arizona, for the recovery of damages for personal injury alleged to have been sustained by the plaintiff while in the employ of the defendant corporation in its store at Hartsville, S. C. It is alleged that the defendant J. S. Jackson is the regularly employed inspector of stores and equipment of the defendant company and was charged with the duty of seeing that its equipment, including the meat box in the Hartsville store of the defendant company, was in safe and good condition, and that on or about June 22, 1934, the plaintiff, a salesman in the employ of the defendant corporation, while lifting and undertaking to carry 150 pounds of meat from the scales to the meat box, entered the said box, and that the boards and joists of the floor broke under the plaintiff's feet, causing him to sink into the sawdust packing under the floor and injuring the plaintiff.

The specifications of negligence as to both defendants are as follows:

1. In failing to provide a safe place for the plaintiff to work, in that the floor of the defendant company's meat box had, unknown to the plaintiff, rotted from beneath to such a degree as to be unsafe for the plaintiff to walk upon.

2. In failing to warn the plaintiff that the floor of the Hartsville meat box was

so constructed as to be likely to rot and break through while the plaintiff was at work therein.

3. In failing to provide the plaintiff with safe and suitable equipment with which to do his work in the Hartsville store.

4. In failing properly to inspect the Hartsville store and meat box in order to prevent the rotting through and undermining of the joists and floor boards of its meat box.

5. In allowing the floor of the Hartsville store meat box, unknown to the plaintiff, to become rotten and decayed from beneath, and a menace to the plaintiff.

6. In failing to supervise the use of the equipment in the Hartsville store so as to keep it in safe condition for the plaintiff.

7. In neglecting to repair and remedy the defective floor of the meat box when the defendants knew or should have known of the dangerous condition thereof.

■ An analysis of the complaint will show that each and every specification of negligence has relationship to some alleged duty of the master to the servant, especially the duty of furnishing a safe place to work. It is not alleged that the plaintiff was acting under the orders of Jackson, or that he had any part in creating the situation which plaintiff claims resulted in his injury. Jackson did not occupy to the plaintiff the relationship of master, and the duties which he claims in the complaint were breached are all nondelegable duties owed by a master to a servant, and except for which there would be no liability.

The complaint, therefore, wholly fails to state any cause of action against the co-defendant Jackson, and calls for the application of the doctrine expressed in Plunkett v. Gulf Refining Co. (D. C. N. D. Ga.) 259 F. 968, 972, as follows: "It is perfectly clear that, if a defendant is charged with something for which he is not liable under the law, in other words, if no case in law is made against him, in the declaration, where he is joined with his employer, whether honestly or not, the removing defendant, the employer in this case, will have the right of removal; the citizenship and residence justifying it as to it. It stands as if it were a suit against the defendant against whom a cause of action is stated."

In the Plunkett Case plaintiff was employed by defendant Gulf Refining Com-

pany, and H. L. Plunkett (another man than plaintiff) was its superintendent of construction, personally directing the work in which plaintiff was engaged at the time of his injury. They were sued jointly upon allegations to the effect that defendant failed and refused to furnish plaintiff a safe place to work and caused to be used a defective boiler, tank, or vat, knowing it was insufficient and defective, and failing to notify plaintiff of the danger he was in; that they were wantonly and willfully negligent in ordering him to hasten and do the work; and in negligently failing to furnish plaintiff with good and sufficient help to do the work required of him at the time of said injury.

The court says that, taking the declaration altogether, the only possible wrong that can be charged to the defendant Plunkett is that, knowing the tar tank to have a false bottom, he failed to give the plaintiff notice thereof; that the only thing, according to the declaration, which caused the injury to the plaintiff was the falling of the false bottom into the tar, causing it to splash on the plaintiff, severely burning him. The court continues: "The most that the defendant Plunkett could be responsible for is for not telling the plaintiff of this false bottom and that it was likely to fall, and that is clearly nonfeasance. And it is well settled, I think, by the authorities, that for mere nonfeasance an employee of a corporation will not be liable to a third person for injuries received."

A case directly in point here, wherein the facts are remarkably similar, is that of Macutis v. Cudahy Packing Co. et al. (D. C.) 203 F. 291, in which the following appears: "This cause was begun in the state court, and removed to this court on petition of the defendant Cudahy Packing Company, showing diversity of citizenship between plaintiff and itself. The case is now presented upon a motion to remand. The plaintiff was an employee of the Packing Company, engaged in work about carcasses of beeves, and was injured by the fall of a carcass upon him. He alleges that it was the duty of the Packing Company's foreman, who is the other defendant, to repair and maintain in safe condition the appliances from which the carcass was suspended, and that it was the duty of the defendants to furnish and maintain safe appliances, and that defendants negligently allowed the appliances to

be worn, defective, and unsafe, and, as a result of such condition, his injuries occurred. In this there is no allegation of facts showing a neglected duty of the foreman to the plaintiff. At most, the allegation charges no more than nonfeasance—mere omission on the part of the foreman to perform the master's duty as to inspection and repairs. For this the foreman is not liable to the plaintiff. Mechem on Agency, §§ 569, 572, 573; Kelly v. Chicago & A. Ry. Co. et al. (C. C.) 122 F. 286–289; Floyt v. Shenango Furnace Co. (C. C.) 186 F. 539, 540; Clark v. Chicago, R. I. & P. Ry. Co. et al. (D. C.) 194 F. 505–514. The consensus of judicial opinion is such that this cannot be said to be a fairly debatable question, as is the joint liability of master and servant for the servant's misfeasance. As the plaintiff's petition discloses no cause of action against the defendant employee, nor any reasonable basis for joining him as a party defendant, it must be held that the controversy is wholly between the plaintiff and the removing defendant. Wecker v. National Enameling & Stamping Co., 204 U. S. 176–185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757." See, also, Floyt v. Shenango Furnace Co. (C. C.) 186 F. 539, and Morefield v. Ozark Pipe Line Corporation (D. C. N. D. Okl.) 27 F.(2d) 890, and King v. Beaumont et al. (D. C. E. D. Tex.) 296 F. 531.

See, also, Davis v. St. Louis & S. F. Ry. Co. (D. C. Okl.) 8 F. Supp. 519. At page 520 the following appears: "It is well established that the mere nonfeasance or omission of the resident superintendent or foreman to perform his duties to his master, of inspection and repair, does not render him liable to third persons for injuries occasioned because of such nonfeasance or omission, he having a duty to his employer rather than to the injured third person. * * * Since no cause of action is stated against the resident defendant Felip Portilloz, his joinder as a defendant does not prevent the removal of the case to the Federal Court."

The federal decisions universally hold that where no cause of action is stated against the resident defendant, the case presents a separable controversy, and the nonresident defendant can remove it to federal court.

In Bryce v. Southern Ry. Co. (C. C.) 122 F. 709, 714, Judge Simonton has this to say: "No cause of action has been stated against them [that is, the resident defendants]. This being so, the only controversy in the complaint is that of the railway company, and the insertion of the names of those two defendants in the complaint cannot prevent the removal of the cause into this court." To the same effect are: Stokes v. Great Southern Lumber Co. (D. C.) 21 F.(2d) 185; Epperson v. Midwest Refining Co., 22 F.(2d) 622 (C. C. A.); McIntyre v. Southern Ry. Co. (C. C.) 131 F. 985.

The fact that no cause of action is stated against the resident defendant is sufficient to make out a case of fraudulent joinder.

In Burt v. Missouri Pacific R. Co. (D. C.) 294 F. 911, 915, the court said: "It must be considered as thoroughly settled that, if the complaint shows on its face that the resident defendants cannot be held liable on the allegations in the complaint, as a matter of law, the nonresident defendant may treat them as having been fraudulently joined, and remove the case to the national court of the district in which the suit is pending."

The case of Jones v. Postal Telegraph Cable Co., 91 S. C. 273, 74 S. E. 492, was mainly relied upon as authority for the proposition that while a master owes a servant the nondelegable duty to use reasonable care in inspecting its appliances and places of work, a foreman or supervisor over such servant also has the duty of protecting the servant from injury by making a reasonable, careful inspection, and the failure to do so would be a breach of duty of both the master and the foreman for which they would be jointly liable. This case lends support to the proposition, but is not controlling in the federal courts. The question as to what constitutes negligence in the absence of a statute is one of general jurisprudence to be determined under the rules of the common law as applied in the federal courts. In applying the common law, the federal courts must decide what the law is in the light of the well-settled rule that decisions are mere evidences of the law and not the law itself. In such matters, the federal court exercises an independent judgment on the law in the cases before them. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Hewlett v. Schadel (C. C. A. 4th Cir.) 68 F. (2d) 502, 91 A. L. R. 743.

It is clear under common-law principles as applied in the federal court that the allegations of the complaint in this action are insufficient to constitute a cause of action against the defendant J. S. Jackson. Plunkett v. Gulf Refining Co., supra; Macutis v. Cudahy Packing Co., supra. It follows that no cause of action being stated against the resident defendant, there is only one controversy in this action which is between the plaintiff and the nonresident defendant, and the motion for remand should be refused. An order will be filed refusing the motion.