Reuben H. RANSOM, Plaintiff,

v.

Vic HANER, Marion Keyes, and Does I
to V, Defendants.

No. 7966-A.

United States District Court
D. Alaska,
First Division.

Feb. 4, 1960.

See, also, 174 F.Supp. 82.

P. M. Barceloux, R. M. Watt, and Jordan N. Peckham, of Goldstein, Barceloux & Goldstein, Chico, Cal., and Thomas B. Stewart, Juneau, Alaska, for plaintiff.

Robert Boochever, of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendants Haner & Keyes.

KELLY, District Judge.

On January 16, 1959, the plaintiff instituted suit against the defendants to recover for personal injuries sustained while the plaintiff was in the employ of the American Viscose Company and the Ketchikan Pulp Company. The plaintiff was allegedly injured while he was stacking solid steel shaft stock into bunkers or racks. After a denial of the defendants' motion to dismiss, two of the defendants, Vic Haner and Marion Keyes, invoked Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and moved for summary judgment. Haner and Keyes are the defendant employer's vice-president and master mechanic respectively. A review of the pleadings, affidavits and admissions discloses that the negligent acts of which the plaintiff complains and with which the plaintiff seeks to impose liability upon the movants are:

(1) the failure to provide the plaintiff with a safe place to work;

(2) the failure to repair a certain steel hoist, and

(3) the failure to provide proper equipment with which to perform the tasks assigned.

The issue presented to the Court is whether a genuine issue as to a material fact may spring from a servant's allegations of nonfeasance of his vice-principals.

Section (b) of Rule 56 of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may move for summary judgment. Section (c) of Rule 56 states that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Clearly, the essential elements necessary for granting a summary judgment are: (1) that no genuine issue as to any material fact exists and (2) that the movant is entitled to judgment as a matter of law. Thus, to successfully oppose this motion for summary judgment, the plaintiff must show that a genuine issue as to a material fact does exist and that this issue must be tried before judgment may be rendered.

Several issues of fact may exist. However, those issues may not be genuine within the meaning of Rule 56 of the Federal Rules of Civil Procedure. An issue of fact is not genuine unless it has legal probative force as to a controlling issue. Elbow Lake Cooperative Grain Co. v. Commodity Credit Corp., 8 Cir., 251 F.2d 633. Thus, a prerequisite to the existence of a genuine issue is a controlling issue and a condition precedent to the existence of a controlling issue is a prima facie cause of action. Therefore, the Court, after weighing the pleadings, affidavits and admissions, must first determine whether the plaintiff has stated a cause of action. If the plaintiff has failed to do so, no genuine issue as to material fact may exist and the Court must grant summary judgment to the movant who, as a matter of law, is so entitled.

In the majority of jurisdictions, the test of liability in negligence actions between a servant and his vice-principal is the same as in the case of strangers, that is, for misfeasance. Macutis v. Cudahy Packing Co., D.C., 203 F. 291.

As was stated in Morefield v. Ozark Pipe Line Corporation, D.C., 27 F.2d 890, 891, "The great weight of authority establishes the rule that, where the allegations of a petition charge no more than nonfeasance or mere omission on the part of the resident superintendent or foreman to perform the master's duty

as to inspection and repairs, such defendant is not liable to the plaintiff."

Each of the plaintiff's allegations against the movants charges them with no more than nonfeasance which, for the purposes of this case, is defined as "the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he had agreed with his principal to do." Owens v. Nichols, 139 Ga. 475, 77 S.E. 635, 636. Since the respects in which the plaintiff contends the movants were negligent amounts to no more than nonfeasance and since a vice-principal is not liable to a servant for nonfeasance, no real cause of action exists against the movants. Where the plaintiff has not stated a cause of action against the movants, no genuine issue as to a material fact exists and the movants are, as a matter of law, entitled to summary judgment.

Summary judgment may be entered for the movants, Vic Haner and Marion Keyes.