**STATE of Alaska, Appellant,**

v.

**BERING STRAIT REGIONAL EDUCATIONAL ATTENDANCE AREA SCHOOL DISTRICT, Appellee.**

No. 6381.

Supreme Court of Alaska.

Feb. 18, 1983.

---

Bruce M. Botelho, Asst. Atty. Gen., Anchorage, Wilson L. Condon, Atty. Gen., Juneau, for appellant.

Saul R. Friedman, James T. Brennan, Hedland, Fleischer & Friedman, Anchorage, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

At issue in this case is whether AS 14.08.151(b),[1] requiring transfer to regional school districts of state land and buildings used for regional school purposes, applies to state property which is only partially used by a regional school district. The property involved is the William E. Beltz complex in Nome, a 41 acre campus formerly used as a residential high school. It is owned by the state and since 1974 has been managed under five year use permits by the Nome City School District primarily for use as the Nome High School.

In 1978, Bering Strait Regional Educational Attendance Area School District entered into a lease with the Nome City School District to occupy an unused portion of the Beltz complex. Specifically, Bering Strait leased the north wing of a dormitory for administrative offices and instructional programs, five apartments to house staff and students, and a two-car garage for storage space.

In October of 1978 the Nome School Board applied to the State Department of Education for conveyance of title to the Beltz complex to the City of Nome. The State Board of Education voted to recommend to the Department of Natural Resources that title be transferred.

At this point Bering Strait passed a resolution pursuant to AS 14.08.151(b) requesting title to those portions of the Beltz complex used by it. The Commissioner of Natural Resources and Director of the Division of Lands were notified of the resolution and indicated that Bering Strait's request would be considered in conjunction with the Director's final finding regarding the City of Nome's application.

Ultimately, the Director issued a document entitled "Preliminary Decision and Final Finding" approving transfer to the City of Nome. Bering Strait appealed this decision to the Commissioner. Upon rejection of the appeal, Bering Strait brought suit in

---

1. AS 14.08.151(b) states:

A regional school board may, by resolution, request, and the commissioner of the department having responsibility shall convey, title to land and buildings used in relation to regional educational attendance area schools. If the state holds less than the fee title to the land, the commissioner of the department having responsibility shall convey the entire interest of the state in the land to the regional school board.

superior court. Treating the matter as an administrative appeal, the superior court held that AS 14.08.151(b) mandates transfer to Bering Strait of those portions of the Beltz complex which it used. The State appeals.

Taken literally, AS 14.08.151(b) might be read to require conveyance to Bering Strait of any building partially used by it. Such a reading, however, would lead to the unusual result in which a regional school board occupying one suite in a state office building would be entitled to a conveyance of the entire building. Bering Strait does not contend that the statute should be so read and we agree that this interpretation of AS 14.08.151(b) was not contemplated by the legislature.

Another possible interpretation is that the statute requires conveyance to Bering Strait of those parts of the buildings actually occupied by it. This interpretation was utilized by the superior court, which ordered the state to convey to Bering Strait those portions of the complex used by it, "including, but not necessarily limited to the North Wing of the Dormitory, the two car garage adjacent to the North Wing, and the five apartments. . . ." Title to the other portions of the structures occupied in part by Bering Strait, the structures not occupied by Bering Strait, and presumably all of the land on which the Beltz complex is located would remain with the state and can be transferred to the City of Nome. In effect, this will result in the creation of a condominium public facility.

There are two problems with this interpretation.

First, it is a departure from the literal language of the statute. The statute refers to buildings, not portions of buildings. Bering Strait has not provided us with any legislative history to indicate that despite the statutory language a transfer of portions of buildings was intended.

Second, a condominium public facility would be an innovation in this state. Creation of a condominium is legally complex,

requiring detailed legal documents specifying, among other things, the responsibilities of the various owners.[2] We believe that if condominium ownership had been intended by the legislature in enacting AS 14.08.-151(b) the statute would have expressly so provided and would have furnished some guidance as to the division of responsibilities among the owners.

We thus hold that the superior court erred in interpreting AS 14.08.151(b) to require a partial conveyance of the complex to Bering Strait.

Bering Strait asserts that there are alternative grounds not reached by the superior court which would support a determination that title to the Beltz complex should not have been transferred to the City of Nome. The grounds asserted are that the Director failed to comply with the requirements of AS 38.05.035(a)(14) and AS 38.05.315, and that the transfer was made in the absence of regulations or procedures required under AS 14.07.060 and AS 38.05.035(a)(4).

While this court may affirm a trial court's judgment on grounds different from those relied upon by the trial court, *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961); *Moore v. State,* 553 P.2d 8, 21 (Alaska 1976), that principle does not apply here because the alternative grounds asserted by Bering Strait, if found to be correct, would not result in an affirmance of the judgment rendered by the superior court. The judgment of the superior court required the transfer of portions of the complex to Bering Strait, but did not preclude transfer of the remainder of the property to the City of Nome. By contrast, acceptance of the alternative grounds would result in a judgment which would not require any transfer to Bering Strait but would preclude transfer of any portion of the complex to the City of Nome. Accordingly, this court will not consider the alternative grounds. They may, of course, be presented to the superior court on remand.

REVERSED AND REMANDED.

CONNOR, J., not participating.

2. *See* Horizontal Property Regimes Act, AS 34.-07.