FABE, Chief Justice,
concurring in part and dissenting in part.
Although I agree with the court’s decision affirming on alternative grounds the superior court’s dismissal of Metcalfe’s claim for money damages, I respectfully disagree with the decision to remand this case to the superior court for further proceedings. In my view, the superior court’s dismissal of this ease in its entirety should be affirmed because article XII, section 7 of the Alaska Constitution does not encompass Metcalfe’s claim. Met-calfe is not a member of PERS within the meaning of the PERS statutes, so the constitutional prohibition on impairing or diminishing membership benefits does not apply to him. The statutory change therefore falls outside the scope of Metcalfe’s article XII, section 7 protections, and Metcalfe has stated no claim for relief under that provision. Because we may affirm the superior court on any grounds briefed by the parties and supported by the record,[1] I would affirm the superior court’s decision to dismiss Met-calfe’s claim on these alternate grounds.
By its plain terms, article XII, section 7 applies only to members of employee retirement systems: It first provides that “[membership in' employee retirement systems of the State or its political subdivisions shall *1178 constitute a contractual relationship” before going on to explain that “[a]ccrued benefits of these systems shall not be diminished or impaired.”[2] Because the provision only governs “[mjembership in employee retirement systems,” the anti-diminishment provision protects only members of such systems.
The definition of PERS membership is governed by AS 39.35.680, which provides that the term “member” refers to “a person eligible to participate in the plan and who is covered by the plan,” including active members as well as various categories of inactive, vested, or retired members.[3] On the other hand, the statute defines a “former member” as “an employee who is terminated and who has [requested or] received a total refund of the balance of the employee contribution account.” [4] It also specifically provides that the term “ ‘member’ ... does not include former members.”[5] A nearly identical version of this statute was in effect when Metcalfe received a refund of his retirement contributions in 1981, similarly providing that the term “ ‘member’ .'.. does not include former members,” and that the term “former member” encompasses employees who have “received a total refund” of their employee contribution accounts.[6]
When a statute is .clear and unambiguous, we have explained that it “will not be modified or extended by judicial construction.”[7] Here, the language of AS 39.35.680 is unequivocal. And as the State correctly notes, all of our past decisions on diminishment of benefits under PERS or other public employee retirement systems have addressed the benefits of members.[8] We have never held that article XII, section 7 applies to nonmembers of PERS, and such a decision would contradict the clear text of AS 39.35.680 and of article XII, section 7 itself. Thus, the statutory text and our existing precedent both demonstrate that the anti-diminishment provision of article XII, section 7 does not apply to former members of PERS.
Because former members are not members of PERS within the meaning of AS 39.35.680 and the constitutional anti-diminishment provision, Metcalfe is not a member of PERS and was not a member when the disputed statute was repealed. Metcalfe chose to relinquish his membership status by taking a full refund of his PERS contributions in 1981. Using either the definition in effect at that time[9] or the definition in effect in 2005,[10] Metcalfe’s decision to “receive[J a total refund” of his PERS account meant that he became a former member within the meaning of the PERS statutes. And once he had become a former member, Metcalfe could no longer claim entitlement to any of the bene *1179 fits of PERS membership.[11] Metcalfe’s right to PERS benefits thus divested at the time of his refund in 1981. So by the time the disputed change occurred in 2005, Metcalfe had not been a PERS member for roughly 24 years, and he therefore possessed no membership benefits that could have been unconstitutionally diminished by the repeal of AS 39.35.350.
In sum, because he was not a member at the time of the change, and because article XII, section 7 of the Alaska ■ Constitution protects only the benefits of members against diminishment or impairment, Met-calfe has no claim for relief under this provision. The parties have had an opportunity to brief this issue, and “[w]e may affirm a judgment on any grounds that the record'supports, even if not relied on by the superior court.”[12] Here the record adequately supports the conclusion that Metcalfe’s claim does not fall within article XII, section 7, because he is not a member of PERS. Accordingly, it is unnecessary to remand this case for any further factual development, instead, I would affirm the superior court’s dismissal of the ease on the ground that Metcalfe has stated no claim for relief under article XII, section 7 of the Alaska Constitution.

. Alaska Const, art. XII, § 7 (emphasis added).

. AS 39.35,680(22)(A)-(B).

. AS 39.35.680(20).

. AS 39.35!680(22)(C)(i).

. Former AS 39.35.680(19), (21) (1981); see ch. 128, § 54, SLA 1977.

. State v. Pub. Safety Emps. Ass'n, 93 P.3d 409, 415 (Alaska 2004) (quoting Tesoro Petroleum Corp. v. State, 42 P.3d 531, 537 (Alaska 2002)).

. See Alford v. State, Dep't of Admin., Div. of Ret. &Benefits, 195 P.3d 118 (Alaska 2008) (regarding the State's recapture of early retirement benefits after members retired, retained PERS membership, and then re-entered public employment); Bd. ofTrs., Anchorage Police & Fire Ret. Sys. v. Municipality of Anchorage, 144 P.3d 439 (Alaska 2006) (regarding "surplus benefits” for current members of the municipality’s retirement system); McMullen v. Bell, 128 P.3d 186 (Alaska 2006) (reviewing the calculation of a specific PERS member’s benefits); Duncan v. Retired Pub. Emps. of Alaska, Inc., 71 P.3d 882 (Alaska 2003) (regarding PERS and TRS members’ health insurance benefits); Municipality of Anchorage v. Gallion, 944 P.2d 436 (Alaska 1997) (reviewing a change to the "accrued benefits” of some members of a municipal retirement plan); Municipality of Anchorage v. Gentile, 922 P.2d 248, 260 n.13 (Alaska 1996) (declining to consider the constitutional claim brought by members of a municipal retirement plan); Sheffield v. Alaska Pub. Emps.' Ass’n, 732 P.2d 1083 (Alaska 1987) (regarding a change in calculating PERS members’ accrued benefits); State ex rel. Hammond v. Allen, 625 P.2d 844 (Alaska 1981) (reviewing the repeal of benefits for members of the Elected Public Officers’ Retirement System); Hammond v. Hoffbeck, 627 P.2d 1052 (Alaska 1981) (reviewing a change in benefits as applied to PERS members who were adversely affected and employed on the date of the change).

. Former AS 39.35.680(19) (1981).

. AS 39.35.680(20).

. See AS 39.35.680(22)(C)(i).

. Snyder v. Am. Legion Spenard Post No. 28, 119 P.3d 996, 1001 (Alaska 2005) (first citing Marshall v. First Nat’l Bank of Alaska, 97 P.3d 830, 835 (Alaska 2004); then citing Ransom v. Haner, 362 P.2d 282, 285 (Alaska 1961)).